UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-80181-CR-Rosenberg

UNITED STATES OF AMERICA,

v.

ARMANDO SISIMIT-SANIC,

Defendant.
_____/



## ORDER ON PRELIMINARY PROBABLE CAUSE HEARING FINDING NO PROBABLE CAUSE FOR VIOLATION #2 OF THE AMENDED PETITION, FINDING PROBABLE CAUSE FOR VIOLATION #1 OF THE AMENDED PETITION, AND DENYING DEFENDANT'S MOTION TO DISMISS VIOLATION #1 OF THE AMENDED PETITION AT THE PRELIMINARY HEARING STAGE [DE 32]

**THIS CAUSE** came before the Court on April 5, 2018 for a preliminary hearing on the Amended Petition alleging two violations of supervised release [DE 30] and upon Defendant, Armando Sisimit-Sanic's ("Defendant") Motion to Dismiss Violation #1 of the Amended Petition. [DE 32]. The government has filed a Response [DE 33] to the Motion. Accordingly, the Court is required to determine whether probable cause exists to support the two violations alleged in the Amended Petition and whether Defendant's Motion to Dismiss Violation #1 of the Amended Petition should granted or denied at this preliminary hearing stage.

### I. BACKGROUND

Defendant was initially charged by criminal complaint on September 7, 2015, of illegal reentry into the United States after removal in violation of 8 U.S.C. § 1326(a). On November 3, 2015, Defendant pled guilty to the charge of illegal reentry and was sentenced by the Honorable United States District Judge Robin L. Rosenberg to three months imprisonment and one year of supervised release. [DE 22]. Defendant's supervised release included all standard conditions of

1

supervision as well as a special condition of supervision, which stated:

> "At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the U.S. Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act. If removed, the defendant shall not reenter the United States without the prior written permission of the Undersecretary for Border and Transportation Security. The term of supervised release shall be non-reporting while the defendant is residing outside the United States. If the defendant reenters the United States within the term of supervised release, the defendant is to report to the nearest U.S. Probation Office within 72 hours of the defendant's arrival."

Defendant's term of supervised release commenced on December 30, 2015.

On or about January 6, 2016, Defendant was removed from the United States and returned to Guatemala. [DE 33, pg. 2]. On or about February 26, 2016, Defendant was arrested by Border Patrol agents in Texas. *Id.* However, no criminal charges were filed in connection with this encounter, and Defendant was once again removed from the United States and returned to Guatemala on or about March 7, 2016. *Id.* On April 12, 2016, United States Probation Officer Jason Jacoby submitted a petition for warrant or summons for offender under supervision for Defendant. [DE 23]. Defendant was charged with the following violations of supervised release:

1. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 26, 2016, in McAllen, Texas, the defendant committed the offense of Alien Removal Under Section 212 and 237, contrary to 8 U.S.C. Section 1229(a).

2. **Violation of Special Condition,** by re-entering the United States without the written permission of the Undersecretary for Border and Transportation Security. If the defendant re-enters the United States within the term of supervised release, he is to report to the nearest U.S. Probation Office. On or about February 26, 2016, the defendant re-entered the United States without permission of the Undersecretary for Border and Transportation Security, as evidenced by his arrest.

2

On April 18, 2016, Judge Rosenberg accepted the petition and issued a warrant for Defendant's arrest. [DE 23; DE 24]. Defendant's term of supervised release was scheduled to expire on December 30, 2016.

On February 13, 2018, Defendant was arrested in Palm Beach County on the 2016 arrest warrant. He was also charged by way of criminal complaint with a new criminal charge of illegal reentry after removal, based on Defendant's February 13, 2018 encounter in Palm Beach County, in Case Number 18-cr-80035-RLR. On February 26, 2018, Probation Officer Jason Jacoby submitted a Request for an Amended Petition, docketed on March 2, 2018 [DE 30] which sought to amend the original petition dated April 12, 2016, because the original petition listed an erroneous statute in Violation #1. The language of Violation #2 in the Amended Complaint remained exactly the same as in the original petition. Violation #1 of the Amended Petition reads as follows:

1. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 26, 2016, in McAllen, Texas, the defendant did commit Illegal Reentry After Removal, contrary to Title 8, U.S.C. § 1326(a).

The change from the initial petition to the Amended Petition consisted solely of substituting "Title 8 U.S.C. § 1326(a)" in lieu of the prior statutory citation. *Compare* DE 23, Violation #1 with DE 30, Violation #1. On March 1, 2018, Judge Rosenberg accepted the Amended Petition. [DE 30]. That Amended Petition was modified in Court before the undersigned by interlineation to state that the date supervision commenced was December 30, 2015, not June 21, 2017 [DE 30, pg. 1; DE 31].[1]

---

1 The Court notes that an Amended Petition was docketed on March 23, 2018 at DE 36. However, this Amended Petition was docketed in error as it simply contains the Amended Petition at DE 30, pg. 1 without the interlineation

3

Defendant filed his motion to dismiss Violation #1 of the Amended Petition under Fed. R. Crim. P. 12(b)(2) on March 9, 2018, arguing that this Court lacks jurisdiction under 18 U.S.C. § 3583(i) to revoke Defendant's term of supervision as to Violation #1 in the Amended Petition because that violation was added after Defendant's term of supervision expired. [DE 32, pg. 2]. Defendant argues that his due process rights will be violated if the Court allows Violation #1 to proceed, especially because Probation Officer Jacoby "knew of the alleged new law violation when he submitted the original petition, yet chose instead to allege a non-existent violation of an administrative statute." [DE 32, pg. 6]. Defendant argues that the government should not be permitted to correct its mistake years after Defendant's supervised release has expired, because it violates both Defendant's right to due process and the congressional intent of § 3583(i).

The government filed its response on March 15, 2018 [DE 33] in which it argues that because the arrest warrant was issued before the scheduled expiration of Defendant's term of supervised release, and because the amended violation was "based on the same offense conduct that formed the basis for the original petition, that is, the defendant's encounter with Border Patrol agents on or about February 26, 2016," this Court retains jurisdiction to consider the violations alleged in the Amended Petition. [DE 33, pg. 11].

## II. DISCUSSION

### a. Procedural Issue as to Defendant's Motion to Dismiss Violation #1

As an initial procedural matter, the Court first notes that Defendant's Motion to Dismiss specifically relies upon Fed. R. Crim. P. 12(b)(2). [DE 32, pg. 1]. However, Defendant's reliance upon Fed. R. Crim. P. 12(b)(2) is misplaced and in error as Rule 12 applies only to "Pleadings and Pre-trial Motions." Clearly, the instant motion to dismiss Violation #1 of the amended supervised

---

previously permitted by the Court at DE 31. As such, DE 36 is a nullity and is not considered in this Order.

4

release petition is not a pretrial motion as Defendant has previously been convicted. He is not in a pretrial status. Rather, he is in the post-trial supervised release phase of this case. Further, Rule 12(a) defines "Pleadings" as "the indictment, the information, and the pleas of not guilty, guilty, and nolo contendere." Fed. R. Crim. P. 12(a). A supervised release violation petition is not a pleading under Fed. R. Crim. P. 12(a). Thus, Rule 12 is inapplicable to petitions to revoke supervised release. The Defendant cannot rely upon Rule 12(b)(2) to obtain dismissal of Violation #1.

Rather, the correct procedure in revocation of supervised release proceedings is set forth in Fed. R. Crim. P. 32.1. Under Rule 32.1(b)(1)(A), when a Defendant is in custody for violating a condition of supervised release, as is Defendant Sisimit-Sanic, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred. And, under Rule 32.1(b)(1)(C), if probable cause is found by the judge, then a revocation hearing shall occur. If the judge does not find probable cause, then the judge must dismiss the petition. Fed. R. Crim. P. 32.1(b)(1)(C).

With the above procedural framework in mind, the undersigned will treat Defendant's Motion to Dismiss under Rule 12(b)(2) as a motion to dismiss Violation #1 of the Amended Petition under Rule 32.1(b)(1)(A)-(C) based upon a lack of probable cause due to the alleged belated filing of the Amended Petition after the expiration of Defendant's supervised release. That is, the Court will consider and analyze Defendant's argument that the Court does not possess jurisdiction as to Violation #1 as a probable cause challenge at the preliminary hearing stage under Rule 32.1(b)(1)(A)-(C) and not as a pretrial motion under Rule 12(b)(2). Having clarified the correct procedure applicable to the matter, the Court shall now proceed to the merits of Defendant's argument that Violation #1 of the Amended Petition must be dismissed.

### b. Whether there is Probable Cause to Support Violation #1 in Light of Defendant's Challenge based upon the Alleged Belated Filing of the Amended Petition and Asserted Loss of Jurisdiction to Proceed on Violation #1

A District Court retains jurisdiction to revoke a term of supervised release even after the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if "before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(i). At issue in this case is whether the Court has jurisdiction to revoke Defendant's supervised release on Violation #1 because the Amended Petition [DE 30] charging Defendant with a violation of 8 U.S.C. § 1326(a) was filed on March 2, 2018, after the scheduled expiration of Defendant's supervised release, in order to correct an incorrect statutory citation in the original petition. Defendant argues that there is a split in the Eleventh Circuit as to whether the court retains jurisdiction to adjudicate a violation which is added to a petition filed before the term of supervised release has expired, but which is amended to add additional violations after the term of supervision has expired. [DE 32, pgs. 2-3].

In *United States v. Presley*, the Eleventh Circuit found that the district court's authority to determine if a defendant's supervised release should be revoked was not confined to the specifications of the summons: instead, once the defendant was before the court, it had the power to consider any violation of the terms of the release and base a revocation on it. *United States v. Presley*, 487 F. 3d 1346, 1349 (11th Cir. 2007) (citing § 3583(i) ("conferring reach back jurisdiction 'for any period reasonably necessary for the adjudication of *matters arising before its expiration*'" (emphasis added))); (citing *United States v. Naranjo,* 259 F.3d 379, 383 (5th Cir. 2001) ("[Section 3581(i)'s] plain language permits revocation based on *any* violation of a

condition of supervised release occurring during the supervision term, even if *not* contained in a petition for revocation filed during that term, *so long as* a warrant or summons was issued during that term on the basis of *an alleged violation.*").

Defendant asserts that the Eleventh Circuit made a contrary finding in *United States. v. Moore,* 443 F. 3d 790 (11th Cir. 2006), leading to a "split in this Circuit." In *Moore,* the Eleventh Circuit affirmed the district court's jurisdiction to revoke the supervised release of the defendant because a valid summons detailing criminal conduct of the defendant was issued prior to the expiration of the defendant's supervised release. *Id.* at 794. Moore was originally charged with two violations prior to the expiration of her supervised release. *Id.* at 792. After the expiration of her supervised release, the government filed an amended petition that alleged a total of six violations. *Id.* During the district court's supervised release revocation hearing, the court stated that it would only consider the two violations which were charged in the original violation. *Id.* at 793. However, Moore came to an agreement with the government in which she admitted to ground six of the amended petition and the government agreed not to proceed on grounds one through five. *Id.*

The Court does not find *Moore* and *Presley* to be inconsistent. The *Moore* Court did not address whether the district court had jurisdiction to consider the additional misconduct that occurred during supervised release but alleged after the expiration of the release term. The *Moore* Court instead found that the district court had subject matter jurisdiction over Moore by issuance of a valid summons under 18 U.S.C. § 3583(i). Accordingly, the Eleventh Circuit's analysis in *Moore* is not inconsistent with the decision in *Presley* and is not directly on point with the present case.

Section 3583(i) provides that the court's authority to revoke a term of supervised release beyond its expiration "extends beyond the expiration of the term...for any period reasonably

7

necessary for the adjudication of matters arising before its expiration." 18 U.S.C. § 3583(i). Several courts have concluded that by using the term "matters" in the plural, "Congress intended to allow courts to adjudicate violations that are not specifically alleged in the pre-expiration warrant." *United States v. Andrada-Pastrano,* No. CR07-01825-TUC-RCC, 2015 WL 631174, at *3 (D. Ariz. Feb. 13, 2015); *see United States v. Naranjo,* 259 F.3d 379, 383 (5th Cir. 2001); *United States v. Brennan,* 285 Fed. App'x 51, 57 n.2 (4th Cir. 2008); *United States v. Edwards,* 834 F.3d 180, 193 (2d Cir. 2016) (holding "the language of § 3583(i) empowers a district court to revoke supervised release based on such additional violations where, as here, those violations involve conduct related to the violation charged in the timely warrant, which conduct was disclosed to the defendant so as to afford adequate notice and opportunity to be heard.")

It is undisputed that the original petition submitted by United States Probation Officer Jason Jacoby requesting the issuance of a warrant for Defendant's arrest based on alleged violations of Defendant's supervised release was filed on April 12, 2016, and an arrest warrant for Defendant was issued on April 18, 2016, prior to the scheduled expiration of Defendant's supervised release term on December 30, 2016. It is also undisputed that the conduct underlying Violation #1 of the Amended Petition [DE 30], that is, Defendant's encounter with Border Patrol Agents on or about February 26, 2016, occurred prior to the December 30, 2016 scheduled supervised release expiration date. Furthermore, the conduct underlying the Amended Petition [DE 30] is the same conduct that formed the basis for the original petition. [DE 23]. The memorandum of United States Probation Officer Jacoby advised that the purpose of the Amended Petition was to merely correct an erroneous statute listed in Violation #1 of the original petition. [DE 33, pg. 11].

The Court sees no due process violation as asserted by Defendant in his Motion. The

Defendant was put on notice of the substance of the Violation of Supervised Release #1 well before his term of supervision was scheduled to expire. A warrant was issued by the Court due to the alleged violations of supervised release well before Defendant's term of supervised release was scheduled to expire. The Defendant was clearly put on notice that Violation # 1 in both the original petition and the Amended Petition was based on Defendant's February 26, 2016 illegal reentry after removal in McAllen, Texas. Merely because the probation officer made a scrivener's error in the statutory citation does not raise a due process issue.

Nor does it raise a jurisdictional issue. Under 18 U.S.C. § 3581(i), a warrant was issued prior to the scheduled termination of Defendant's supervised release based on two allegations of violations of supervised release. The Court retains jurisdiction over both allegations in the Amended Petition despite the change in statutory citation. Because the government has shown that the original warrant [DE 24] was issued on April 18, 2016, before the scheduled expiration of the supervised release term on December 30, 2016; that the conduct underlying the allegations of Violation #1 of the Amended Petition [DE 30] occurred on or about February 26, 2016, before the scheduled expiration of the supervised term on December 2016; and that the conduct alleged in the Amended Petition involved conduct related to the violation charged in the timely warrant filed April 18, 2016, the Court finds it has jurisdiction to proceed to a revocation hearing under Rule 32.1(b)(1)(C) and 32.1(b)(2). *See United States v. Presley, supra.*

Upon careful review of the Amended Petition, the Violation of Supervised Release and Request for Warrant memorandum of U.S. Probation Officer Jason Jacoby, and the modified sentencing report, the Court finds that there is probable cause to believe that Defendant committed the offense of illegal re-entry after removal as alleged in Violation #1 of the Amended Petition [DE 30], and further, that there is no due process or jurisdictional bar preventing the Court from

conducting a revocation hearing on Violation #1 of the Amended Petition pursuant to Rule 32.1.

### c. **Finding of No Probable Cause to Support Violation #2**

At the preliminary probable cause hearing, the Defendant argued that he was taken into custody by the government and deported and had no opportunity to contact the nearest probation office. Defendant's position is that probable cause is lacking as to Violation #2 because the government has no evidence that Defendant had the opportunity and ability to contact the nearest probation office and failed to do so. The government agreed with Defendant's position and asserted that it could not prove Defendant ever had the ability to contact the nearest probation office since Defendant was taken into custody by the government and immediately deported. The government recommended that Violation #2 be dismissed as lacking in probable cause. The government presented no evidence regarding Violation #2. The Court finds that there is no probable cause to support Violation #2 of the Amended Petition alleging that Defendant reentered the United States and did not report to the nearest United States Probation Office within 72 hours of Defendant's arrival. There is no evidence to demonstrate how long Defendant was within the United States before he encountered Border Patrol on February 26, 2016 and was taken into custody. He was then immediately deported and there is simply no evidence that he had the opportunity to contact the near United States Probation Office and failed to do so in a timely manner. Therefore, the Court finds that probable cause does not exist to support Violation #2. Violation #2 should be, and is hereby dismissed.

### III. **CONCLUSION**

In light of the foregoing, the Court finds that there is no probable cause to support Violation #2 of the Amended Petition and it is hereby **DISMISSED** pursuant to Fed. R. Crim. P. 32.1(b)(1)(c) at this preliminary hearing stage. The Court finds that the Court has jurisdiction over

Violation #1 and that there is probable cause to support Violation #1 of the Amended Petition. It is hereby **ORDERED** that Defendant's Motion to Dismiss Violation #1 of the Amended Petition [DE 32] be **DENIED** at this preliminary hearing stage.[2]

A final revocation hearing shall be held before the undersigned on April 11, 2018 at 10:00 a.m.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 6th day of April, 2018.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

---

2 This ruling is being made at the preliminary hearing stage pursuant to Rule 32.1(b)(1)(A)-(C) and without prejudice to Defendant's right to renew its argument and motion at the revocation hearing.